UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

TOM DUCKETT and
MICHELLE DUCKETT,

Case No. 15-11758-ta7
Chapter 7

Debtors.

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III) OTHER RELIEF**

Edward Mazel (the "Trustee"), the duly appointed Chapter 7 Trustee for the above referenced debtors (the "Debtors") pursuant to Sections 105 and 363 of the Bankruptcy Code, hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests. In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The bases for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4. On June 30, 2015, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

1

5. Edward Mazel was subsequently appointed as the qualified Chapter 7 Trustee after the conversion of the Debtors' case from a Chapter 11 to a Chapter 7 case.

6. The Trustee held and concluded the 341 meeting of creditors.

7. The Debtors scheduled a 100% ownership interest in the real property located at 101 Speedway Drive, Gallup, New Mexico 87301 (the "Property") and legally described as follows:

> PARCEL 1:
>
> A certain tract of land in the North one-half (N1/2) of Section Eight (8), Township Fifteen North (15N), Range Seventeen West (17W), N.M.P.M. in McKinley County, New Mexico, more particularly described as follows:
>
> BEGINNING at the southwest corner of the herein described tract, being a point on the East line of the Troy Snyder Tract, and a corner from which the West 1/4 Corner of said Section 8 bears South 1624.62 feet;
> THENCE South 89° 55' W- 3200.0 feet distance;
> THENCE from the beginning point S 89° 55' W- 640.0 feet to the SW corner;
> THENCE North 1015.38 feet to the NW corner;
> THENCE North 89° 55' E - 640.0 feet to the NE corner;
> THENCE South - 1015.38 feet to the point of beginning;
>
> PARCEL 2:
>
> A certain tract of land in the North one-half (N1/2) of Section Eight (8), Township Fifteen North (15N), Range Seventeen West (17W), N.M.P.M. in McKinley County, New Mexico, more particularly described as follows:
>
> BEGINNING at the southeast corner of the herein described tract, a corner from which the West-quarter corner of Section 8 bears S 1188.41 feet to a point;
> THENCE South 89° 55' W- 3200.0 feet distance;
> THENCE from the beginning point N 70° 20'11" W- 366.36 feet to the SW corner;
> THENCE North 312 feet to the NW corner;
> THENCE North 89° 55' E- 345.0 feet to the NE corner;
> THENCE South - 436.21 feet to the point of beginning.

8. The Debtors scheduled the Property as having a value of $275,000 subject to a mortgage in favor of Bank of America (the "Secured Creditor") in the amount owed on the Petition Date of approximately $54,942.51.

9.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and United Country Northern New Mexico Real Estate (Travis Birdsong) ("Listing Agent"), has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

(a)     Sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

(b)     Release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

(c)     Agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10.     The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the public records of McKinley County, New Mexico, consisting of principal and interest (the "Secured Creditor Indebtedness").

<u>RELIEF REQUESTED</u>

11.     The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material inducement

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors.

BASIS FOR RELIEF

A.   The Sale of the Property Should Be Approved

12.   The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.   Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.   The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $7,500.00. Attached as Exhibit "A" are the closing statement and letter of consent/approval from the Secured Creditor.

15.   On June 20, 2017, the Trustee filed an application to employ Keller Williams Realty to market and sell the Property (Doc. No. 212). This application was withdrawn on October 12, 2017 (Doc. No. 262). Although Keller Williams Realty made its best efforts to market and sell the

4

property during that four (4) month time period, no offers were forthcoming. In August 2017, the Trustee consulted Re/Max Combined Investments, who performed an informal search for a buyer, and were unable to find any leads, citing the location of the property and risk of property damage and theft. On September 18, 2017, the Trustee filed an application to employ United Country-Birdsong Auction and Real Estate Group, LLC and United Country Northern New Mexico Real Estate as broker/auctioneer (doc. No. 250). Despite a thorough search, Mr. Birdsong was also unable to locate a purchaser willing to pay more than the amount of Secured Creditor's lien on the property. As of March 30, 2018, the amount of Secured Creditor's lien was $72,680.26. As a result, the Trustee believes that the sale proposed herein represents the best means to maximize the value of the estate's interest in the Property. Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

                B.     <u>Sale of the Property Should Be Approved Free and Clear of All Interests</u>

16.    Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states Section 363(f)(2) of the Bankruptcy Code is satisfied because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy

Code, free and clear of all liens, claims, encumbrances, and interests.

18. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

19. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

### C. The Sale Will Be Undertaken by the Buyer in Good Faith

20. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

21. The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke*

6

Case 15-11758-t7    Doc 293    Filed 06/26/18    Entered 06/26/18 14:00:38 Page 6 of 8

*Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

22. The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

23. The Trustee further states that:

(a) The Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b) The Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c) Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

24. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale

Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code, including the carve-out agreement and surcharge described above, and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

>Respectfully submitted,
>
>ASKEW & MAZEL, LLC
>
>By: *s/ filed electronically*
>    Edward A. Mazel
>    Daniel A. White
>    1122 Central Ave. SW, Suite 1
>    Albuquerque, New Mexico 87102
>    (505) 433.3097 (phone)
>    (505) 717.1494 (fax)
>    edmazel@askewmazelfirm.com
>    dwhite@askewmazelfirm.com
>*Attorneys for the Chapter 7 Trustee*

This certifies that on June 26, 2018 a copy of
the foregoing pleading was served by the Bankruptcy
Court's electronic filing system on all parties who
have entered an appearance in this case and by
Certified and First Class U.S. Mail to:

Bank of America, N.A.
ATTN: Officer or Director
605 Lomas Blvd. NW
Albuquerque, NM 87102

*s/ filed electronically*
Daniel A. White

8